

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
CIVIL RIGHTS COMPLAINT FORM

**THERON DANIELS**
DC# 068947

CASE NUMBER: 3:17-cv-1239-J-34JRK

v.

DENNIS A VILCHEZ, M.D.;
ALEXIS FIGUEROA, M.D.;
B. CELIAN, M.D.; AND
LUIS VAZQUEZ, M.D. and
CENTURION HEALTH CARE
SERVICES, LLC.



_____/

## ANSWER ALL OF THE FOLLOWING QUESTIONS:

I. PLACE OF PRESENT CONFINEMENT:

THE PLAINTIFF IS PRESENTLY CONFINED AT RECEPTION AND MEDICAL CENTER - MAIN UNIT P.O. BOX 628 LAKE BUTLER, FL 32954-0628.

II. EXHAUSTION OF ADMINISTRATIVE REMEDIES: **Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

III. PREVIOUS LAWSUITS:
A. Have you initiated other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (X)

B. Have you initiated other lawsuits in federal court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?
Yes ( ) No (X)

C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1. Parties to previous lawsuit:
Plaintiff(s): _____

DC 225 (Rev 2 2012)

Defendant(s): _____

2. Court (if federal court, name the district; if state court, name the county): _____

3. Docket Number: _____
4. Name of judge: _____
5. Briefly describe the facts and basis of the lawsuit: _____

6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?): _____

7. Approximate filing date: _____
8. Approximate disposition date: _____

D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify these suits below by providing the case number, the style, and the disposition of each case: **NO**

IV. PARTIES: In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: **THERON DANIELS**

Mailing address: **RECEPTION AND MEDICAL CENTER - MAIN UNIT P.O. BOX 628 LAKE BUTLER, FL 32954-0628.**

B. Additional Plaintiffs: _____

In part C of this section, indicate the **full name** of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C. Defendant: **DENNIS A VILCHEZ, M.D.**

Mailing Address: **SUWANNEE CORRECTIONAL INSTITUTION, 5964 US HWY 90, LIVE OAK, FLORIDA 32060**
Position: **MEDICAL DOCTOR**
Employed at: **SUWANNEE CORRECTIONAL INSTITUTION**

DC 225 (Rev 2/2012)

D. Defendant: **ALEXIS FIGUEROA, M.D.**

Mailing Address: SUWANNEE CORRECTIONAL INSTITUTION, 5964 US HWY 90, LIVE OAK, FLORIDA 32060

Position: MEDICAL DOCTOR

Employed at: SUWANNEE CORRECTIONAL INSTITUTION

E. Defendant: **B. CELIAN, M.D**

Mailing Address: SUWANNEE CORRECTIONAL INSTITUTION, 5964 US HWY 90, LIVE OAK, FLORIDA 32060

Position: MEDICAL DOCTOR

Employed at: SUWANNEE CORRECTIONAL INSTITUTION

F. Defendant: **LUIS VAZQUEZ, M.D.**

Mailing Address: SUWANNEE CORRECTIONAL INSTITUTION, 5964 US HWY 90, LIVE OAK, FLORIDA 32060

Position: MEDICAL DOCTOR

Employed at: SUWANNEE CORRECTIONAL INSTITUTION

G. Defendant: Centurion Health Care Services, LLC

Mailing Address: % register agent Tony Sexton, 10901 Corporate Circle, NA, Saint Petersburg, FL 33717

Position: Contract health care provider to the Florida Department of Corrections

V. STATEMENT OF CLAIM: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. **Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.**

**Violation of the Cruel and Unusual Punishment clause of the Eighth Amendment to the United States Constitution.**

VI. STATEMENT OF FACTS: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. Do not make any legal arguments or cite any cases or statutes. State with as much specificity as possible the facts in the following manner:
1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (i.e., physical injury or how you were harmed by the acts of the defendant[s]).

On July 19, 2016, the Plaintiff was involved in a physical altercation at Suwannee Correctional Institution in Live Oak, Florida. After the altercation, the Plaintiff declared a medical emergency. Medical staff at Suwannee Correctional Institution ordered X-rays that same day. The x-rays confirmed that the Plaintiff suffered broken knuckle on his left hand.

Medical staff gave the Plaintiff two Loratab 5mg for pain and placed a splint on the plaintiff's left hand. Dr. Vasquez prescribed Loratab 5mg. for the Plaintiff's pain, however, the medical staff did not fill the prescription for the Loratab. Except for the two Loratabs given to the Plaintiff at his initial evaluation, the Plaintiff never received any pain medication until August 2, 2016.

On August 2, 2016, the Plaintiff went to sick call and complained about the lack of pain medication. A nurse gave him some non-aspirin for pain at that time.

On August 11, 2016, the plaintiff underwent surgery on his left "pinky" finger at Reception and Medical Center-Main Unit located in Union County, Lake Butler, Florida. The surgeon was Dr. F. Ong. Dr. Ong gave the follow up instructions:

1. The Plaintiff was to have a follow up appointment to have his stitches removed in two weeks; and
2. Pins placed in the left hand were to be removed after eight weeks; and
3. Prescribed pain medication consisting of Loratab and Excedrin were prescribed; and
4. Prescribed other medications consisting of Keflex 500mg, Benadryl, and Oyster Shell.

After the surgery, the Plaintiff transferred back to Suwannee Correctional Institution. At Suwannee Correctional Institution, Dr. Alexis Figueroa, M.D told the Plaintiff that he was going to prescribed ibuprofen for the Plaintiff's pain. The Plaintiff explained to Dr. Figueroa that he was allergic to medications that contained NSAID. Dr. Figueroa. Dr. Figueroa told the Plaintiff to "shut your mouth or I will have you locked up".

From the date of his surgery on August 11, 2016, until August 25, 2017, the Plaintiff did not receive any pain medication.

DC 225 (Rev 2/2012)

On August 25, 2016, the Plaintiff went again to sick call to complain about the lack of pain medication. He was told by medical staff to either take the ibuprofen ordered by Dr. Figueroa or not, but "you are wasting my time."

On August 29, 2016, the Plaintiff declared a medical emergency due to increased pain and that his hand had become swollen and discolored. Plaintiff was seen by Dr. Vazquez, who cleaned the hand and prescribed Loratab 5MG for pain for four days.

On September 9, 2016, the Plaintiff declared a medical emergency because he was still in great deal of pain and his hand was swollen. The Plaintiff showed medical staff blood, pus, and yellow looking fluid coming from his hand. The medical staff told the Plaintiff that nothing was wrong with his hand, but medical staff did change the dressing on the hand and gave the Plaintiff several packets of non-aspirin for pain.

On September 13, 2016, the Plaintiff was called out to medical for a dressing change. Blood, pus and yellow fluid was still coming from his wounds, but his dressing was changed.

On September 19, 2016, the Plaintiff was scheduled to see a medical doctor, but for some unknown reason security refused to allow him to come to medical. Denied his doctor visit, the Plaintiff then declared a medical emergency. Dr. B. Celian, who confirmed that the Pl's hand was indeed infected, saw the Plaintiff. The Plaintiff told Dr. Celian that the time for the removal of his stitches was overdue. Dr. Celian told the Plaintiff to "shut up". Dr. Celian treated the Plaintiff with antibiotics, an ice pack, three packages of Tylenol (2 each in a package) and an arm sling. The Plaintiff was then sent back to his dormitory.

On October 3, 2016, the Plaintiff again declared a medical emergency due to pain in his hand and to have the stitches removed. The stitches were supposed to have been removed two weeks after his surgery, but still had not been removed. The Plaintiff's flesh had grown around the stitches and they were causing the Plaintiff pain. The Plaintiff was told to continue to access sick call and nothing was done for him.

Plaintiff then continued to go to sick calls and complain about his constant pain and the fact that stitches were supposed to have already been removed. Repeatedly, medical staff told the Plaintiff that there was nothing they could do for him and refused him pain medication or to take out the stitches in his hand.

At one sick call, the Plaintiff showed Dr. Vilchez his hand, informed him about the surgery, showed him his hand and told him about Dr. Ong's instructions that the stitches be to be taken out at the end of two weeks from the surgery. Dr. Vilchez told the Plaintiff that there was nothing that he could do for the Plaintiff and that the surgeon who did the surgery at Reception and Medical Center-Main Unit would have to take out the stitches. Finally, the stitches were removed from the Plaintiff' hand in a second surgery to dig the stitches out of the Plaintiff's hand as the Plaintiff's flesh had grown around and over the stitches.

DC 225 (Rev 2/2012)

After complaining about his pain, the Plaintiff again saw Dr. Vilchez who told him "you silly inmate, your hand is infected that's why you have pain in your hand.

The Plaintiff is still in pain and being refused pain medication. The Plaintiff's hand will not close due to the deliberate indifference of the Defendants.

The Defendant all acted under the color of law as employees of the Defendan,t Centurion Health Care Services. LLC., the medical provider contracted by the Florida Department of Corrections to provide medical services to inmates in the Florida Department of Corrections. Centurion Health Care, Services was either aware of the actions of their employees as complained of herein, or under the circumstances ought to have been aware of the actions of their employees as complained of herein and took no action to prevent or remedy the Plaintiff's suffering. Indeed, Centurion Health Care Services, LLC. established a custom and usage among their employees to withhold medical care to inmates, other than routine and inexpensive health care, even if such healthcare was constitutionally mandated under the Eight Amendment to the United States Constitution.

Each Defendant was aware of and acted in total disregard of the Plaintiff's medical needs arising from his injury and resulting surgery, including the need for pain medication to control the Plaintiff's ongoing severe pain and the need to timely remove the stitches in his left loss of use of his left hand.

VII. RELIEF REQUESTED: State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

Award damages against the Defendants for their violation of the Plaintiff's rights against cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Signed this _31_ day of _Oct_, 2017.

_Theron Daniels_
Theron Daniels
(Signatures of all Plaintiffs)

IF MAILED BY PRISONER:
I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one):
X  delivered to prison officials for mailing on: the _1_ day of _nov_, 2017.

DC 225 (Rev 2 2012)